RICHARD R. PATCH (State Bar No. 88049)
REES F. MORGAN (State Bar No. 229899)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:    ef-rrp@cpdb.com
          ef-rfm@cpdb.com

Attorneys for Claimant
DISH NETWORK CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>        v.<br><br>VIRTUAL CURRENCY AND $2,061,517.68 IN U.S. CURRENCY,<br><br>                  Defendants. | Case No. 2:25-CV-04631<br><br>**DISH NETWORK CORPORATION'S APPLICATION FOR LEAVE TO FILE UNDER SEAL**<br><br>Trial Date:        None Set |

Pursuant to Central District of California Local Civil Rule 79-5.2.2, Claimant, DISH Network Corporation ("Claimant") submits this Application for Leave to File Under Seal certain documents or portions of documents that contain highly confidential information to Claimant in connection with its Verified Claim ("Claim"). These materials relate to the February 2023 DISH data breach (the "Cyberattack"), in which a threat actor gained unauthorized access to Claimant's systems.

Specifically, Claimant seeks to seal the exhibits to the Declaration of Lawrence R. Katzin in Support of Claimant's Verified Claim ("Katzin Claim Decl.") and to seal narrowly tailored redactions of information drawn from those exhibits, namely, the ransom payment made to the threat actor in connection with the Cyberattack. Specifically, Claimant seeks to seal in their entirety (1) Katzin Claim Decl. Ex. A, the ransom note from the threat actor, (2) Katzin Claim Decl. Ex. B, the negotiation transcript reflecting confidential ransomware negotiations and ransom agreement between Claimant and the threat actor, and (3) Katzin Claim Decl. Ex. C, the transactions page reflecting the ransom payment, and to redact the ransom amount as reflected in Claimant's Claim and Katzin Claim Declaration.

Here, good cause applies to sealing of Claimant's exhibits in support of its Claim, which is a non-dispositive filing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (public has less of a need for access to court records in non-dispositive filings). As set forth in the accompanying Declaration of Lawrence R. Katzin in Support of Claimant's Application for Leave to File Under Seal ("Katzin Sealing Decl."), good cause exists to restrict access to the aforementioned documents because they contain highly sensitive cybersecurity and business information related to the Cyberattack. The disclosure of this information would disclose non-public security protocols and confidential business information, without serving any legitimate public interest. The proposed sealing or redactions are narrowly tailored, comply with controlling precedent, and satisfy the

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

DISH NETWORK CORPORATION'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

requirements of Local Rule 79-5.2.2(a).

The ransom note, Katzin Claim Decl. Ex. A, and the threat actor negotiation transcript, *id.*, Ex. B, contain sensitive, highly confidential, non-public information, including proprietary cybersecurity details, ransom demand and ransom payment amounts and Claimant's negotiation strategy. Specifically, the ransom note contains an access URL and login ID provided by the threat actor allowing for contact to a malicious actor. If this access information were publicly available, there is potential that others could use this contact for malicious and damaging purposes. Katzin Sealing Decl. ¶ 6. Moreover, both the ransom note and the negotiation transcript describe the ransomware actor's tactics as targeted to Claimant and Claimant's internal incident response efforts. *Id.* ¶¶ 7-8. Disclosure would undermine Claimant's cybersecurity posture and reveal sensitive financial and business information. Courts have granted similar restrictions where cybersecurity and sensitive business strategies were at stake. *See Sanguinetti v. Nevada Rest. Servs., Inc.*, No. 221-CV-01768-RFB-DJA, 2023 WL 4868363, at *2 (D. Nev. July 28, 2023) (sealing an exhibit containing "sensitive business information regarding the agreement between" the ransomware actor and the negotiating group, including the financial terms and "forensic investigation security protocols," where "[p]ublicizing these details [could] harm [the group's] competitive advantage and put [the victim] at risk of future cyberattacks."); *see also In re Google Inc. Gmail Litig.*, No. 13–MD– 02430–LHK, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (sealing internal message transmission information where disclosure could allow "hackers and spammers . . . to circumvent Google's anti-virus and anti-spam mechanisms"). Disclosure could aid malicious actors, expose Claimant's cybersecurity incident response protocols, or result in reputational and business harm. Moreover, these exhibits are filed in connection with a non-dispositive filing by non-party Claimant, and contain detail and confidential information regarding the Cyberattack and Claimant's ransomware negotiation and security systems that is only tangentially

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP

One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

related to the merits of this action.

Claimant also seeks to seal information arising from the threat actor communication, specifically the amount of ransom that it paid the threat actor, as reflected in the transaction record, Katzin Claim Decl. Ex. C, and in the Claim and Katzin Claim Declaration. Although the transaction record is publicly available, it does not identify Claimant. Filing it publicly in connection with Claimant's Claim would reveal the amount of ransom that Claimant paid. Given the amount of this ransom and the malicious nature of the threat actor, exposing this information could be harmful to Claimant. Katzin Sealing Decl. ¶¶ 9-10. *See Sanguinetti*, 2023 WL 4868363, at *2 (compelling reasons exist to seal the sensitive business information regarding agreement, including "terms of the agreement and financial information," between cyberattack victim and ransomware criminal syndicate). Accordingly, Claimant seeks to seal Katzin Claim Decl. Ex. C, and to narrowly redact the ransom information in the Claim and Katzin Claim Declaration.

The United States District Court for the District of Colorado has granted sealing over these documents and information in the civil litigation arising from the Cyberattack. *See In re DISH Network Data Security Incident Litigation*, Case No. 1:23-cv-01168-RMR-SBP (D. Colo.), Dkt. Nos. 108, 109 (granting motion to restrict access to threat actor's ransom note and chat transcript, including ransom amount shown therein, in connection with DISH's motion for summary judgment).

In sum, Claimant respectfully requests to seal the following documents:

| Documents | Portions to Seal | Good Cause to Seal |
|---|---|---|
| Verified Claim | Highlighted redactions at: 2:4, 2:22, 3:2 | Ransom amount is confidential business information to Claimant, disclosure of which could expose Claimant to vulnerability or reputational harm |

Case No. 2:25-CV-04631

DISH NETWORK CORPORATION'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

Coblentz Patch Duffy & Bass LLP

One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

| Katzin Claim Declaration | Highlighted redactions at: 2:5, 3:4, 3:11, 3:14, 3:16-17 | Ransom amount is confidential business information to Claimant, disclosure of which could expose Claimant to vulnerability or reputational harm |
|---|---|---|
| Katzin Claim Declaration Ex. A (threat actor ransom note) | Under seal | Ransom note from threat actor contains an access URL and login ID unique to the Cyberattack on Claimant allowing for contact to a malicious actor that others could use for malicious and damaging purposes |
| Katzin Claim Declaration Ex. B (threat actor communication transcript) | Under seal | Negotiation transcript between threat actor and Claimant is highly confidential to Claimant, reflecting negotiation strategy, ransom amount, and the threat actor's alleged assessment of security systems |
| Katzin Claim Declaration Ex. C (ransom payment transaction ) | Under seal | Ransom amount is confidential business information to Claimant, disclosure of which could expose Claimant to vulnerability or reputational harm |

Claimant respectfully requests the Court grant leave to file the above documents under seal for the reasons set forth herein.

Case No. 2:25-CV-04631

DISH NETWORK CORPORATION'S APPLICATION FOR LEAVE TO FILE UNDER SEAL

DATED:  October 16, 2025          COBLENTZ PATCH DUFFY & BASS LLP


By: _____/s/ Rees F. Morgan_____
REES F. MORGAN
Attorneys for Claimant
DISH NETWORK CORPORATION

COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

6

Case No. 2:25-CV-04631

DISH NETWORK CORPORATION'S APPLICATION FOR LEAVE TO FILE UNDER SEAL