TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
JAMES E. DOCHTERMAN (Cal. Bar No. 256396)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
    312 North Spring Street, 11th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-2686
    Facsimile: (213) 894-6269
    E-mail: James.Dochterman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VIRTUAL CURRENCY AND $2,061,517.68 IN U.S. CURRENCY, <br><br> Defendants, <br><br> CONCORD MUSIC GROUP, INC., DISH NETWORK CORPORATION, AND MINTO HOLDINGS, INC., <br><br> Claimants. | Case No. 2:25-cv-04631-SB-MAR <br><br> **GOVERNMENT'S STATUS REPORT** |

Plaintiff United States of America ("the government"), respectfully submits this status report pursuant to the Court's January 30, 2026, Minute Order ordering the government to file a status report by February 20, 2026.[1] A status conference is scheduled for February 27, 2026, at 8:30 a.m. The government responds as follows:

Status of Notice to Remaining International Victims/Potential Claimants

The Office of International Affairs ("OIA") informed the government's representative that that there have been recent changes in the MLAT processes for both the Netherlands and Austria. Regarding the Netherlands, OIA has sought consent to allow the government to send direct notice to the victim/potential claimant directly and is awaiting a response from Dutch authorities. As to Austria, OIA stated that it has been engaged in ongoing conversations with Austrian authorities regarding the method for obtaining authorization for direct contact with victims/potential claimants and have only recently received authority to proceed with notice in this matter. OIA noted that while notice may now be executed without an MLAT, said notice must still be translated into German, which takes approximately three weeks to complete following administrative approval thereof.

On January 22, 2026, the government sent direct notice and attachments (via FedEx) to the Taiwanese victim/potential claimant. The next day, OIA confirmed that it had emailed the same notice letter and attachments to Taiwanese authorities, after having confirmed that Taiwan would permit direct notice without invoking an MLAT or requiring translation. To date, no claim has been received from the victim/potential claimant in Taiwan.

//
//
//

---

[1] Dkt. 53.

2

In furtherance of its efforts to avoid additional notice delays, the government recently learned that the German victim/potential claimant has an Agent for Service of Process located in the United States; therefore, on February 11, 2026, the government sent English-language notice to that potential claimant's agent in the U.S., eliminating further delays. To date, no claim has been received from the German victim/potential claimant.

A Default Judgment Against Individual Potential Claimants is Permissible

The government may seek and be granted a default judgment against only one potential claimant, and then continue the instant litigation with the remaining known claimants, if, pursuant to Fed. R. Civ. P. 54(b), a court "expressly determines that there is no just reason to delay."[2]

Where the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions are silent on default judgments in civil forfeiture cases, courts apply the two-step default process under Fed. R. Civ. P. 55, requiring the government to apply for and the Clerk to enter the default, before a court grants or denies a default judgment.[3] The government filed an Application for Clerk's Entry of Default Against Rustam Rafailevich Gallyamov on February 10, 2026, but no default has yet been entered by the Clerk.[4] The government has filed today a Motion for Default Judgment Against the Interests of Rustam Rafailevich Gallyamov ("Default Motion").

As presented in the government's Default Motion, a default judgment is more often than not granted by a court exercising its discretion pursuant to the six "Eitel

---

[2] *See Microsoft Corp. v. Baker*, 582 US 23, 36, (2017) (Fed. R. Civ. P. 54(b) is an exception to the "one final judgment rule"), *Curtiss-Wright Corp. v. General Elec. Co.*, 446 US 1, 8 (1980); Fed. R. Civ. P. 55, 54(b).

[3] *See e.g. U.S. v. Approximately $16,755.00 in U.S. Currency*, 2013 WL 5718570 (E.D. Cal. Oct. 18, 2013), *United States v. $208,420 in U.S. Currency*, No. 2:20-cv-01156-ODW (RAOx), 2022 WL 2073819 (C.D. Cal. June 8, 2022), *United States v. $136,800 in U.S. Currency*, No. 2:19-cv-05893-CAS-FFM, 2020 WL 919152 (C.D. Cal. Feb. 24, 2020).

[4] Dkt. 57.

3

factors" established in Eitel v. McCool.[5] In addition to the Eitel factors, a court may grant a default judgment "if the liability of the defaulting party is based on independent wrongful acts or a legal theory distinct from the one under which the answering party prevailed."[6] Mirroring the Default Motion, the government asserts that potential claimant and indicted defendant Gallyamov occupies a starkly distinct position apart and aside from the victims, *i.e.* Mr. Gallyamov is responsible for the fraud and theft that injured the victim claimants. All other claims, actual or potential, are necessarily filed by victims seeking recompense for the harm inflicted on them by Gallyamov. Accordingly, there is no just reason to delay adjudicating Gallyamov's interests so that the remaining parties may move freely towards an equitable resolution.

Dated: February 18, 2026,                    Respectfully submitted,

TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section

/s/ James E. Dochterman
JAMES E. DOCHTERMAN
Assistant United States Attorney

---

[5] *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (enumerating six factors balancing sufficiency, prejudice, and merits).

[6] *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004).