David W. Williams (Cal. Bar No. 295204)
ANGELI & CALFO LLC
701 Pike Street, Ste. 1625
Seattle, WA 98101
Telephone: (206) 317-2059
E-mail: davidw@angelicalfo.com

Attorneys for Claimant
MARATHON FASTENERS
AND HARDWARE INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VIRTUAL CURRENCY AND $2,061,517.68 IN U.S. CURRENCY,<br><br>Defendants. | Case Number 2:25-cv-4631-SB-MAR<br><br><u>CLAIMANT MARATHON FASTENERS AND HARDWARE INC.'s ANSWER TO COMPLAINT FOR FORFEITURE</u><br><br>Trial Date: None Set |

Pursuant to Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, claimant Marathon Fasteners and Hardware Inc. ("Marathon") hereby answers the complaint for forfeiture filed by plaintiff United States of America ("Plaintiff"), as follows.

## JURISDICTION AND VENUE

1. Marathon admits that the complaint specifies that it is an *in rem* forfeiture action pursuant to 18 U.S.C. § 981 (a) (1) (A) and (C).

2. Marathon admits that the Court has jurisdiction over this action.

3. Marathon admits that venue is proper in this district.

## PERSONS AND ENTITIES

4. Marathon admits the allegations contained in paragraph 4.

5. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 5 and its subparts.

1  6. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 6.

7. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 7.

8. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 8.

## BASIS FOR FORFEITURE

9. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 9.

10. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 10.

11. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 11.

12. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 12.

13. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 13.

14. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 14.

15. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 15 and its subparts.

16. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 16.

17. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 17.

18. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 18.

19. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 19.

20. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 20 and its subparts.

21. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 21.

22. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 22.

23. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 23.

24. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 24.

25. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 25 and its subparts.

26. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 26 and its subparts.

27. Marathon lacks sufficient knowledge, information, or belief to admit or deny the allegations contained in paragraph 27 and its subparts.

## FIRST CLAIM FOR RELIEF

28. Marathon incorporates its responses to paragraphs 1 through 27, above.

29. Paragraph 29 constitutes a legal conclusion or argument as to which no response is required.

## SECOND CLAIM FOR RELIEF

30. Marathon incorporates its responses to paragraphs 1 through 27, above.

31. Paragraph 31 constitutes a legal conclusion or argument as to which no response is required.

## THIRD CLAIM FOR RELIEF

32. Marathon incorporates its responses to paragraphs 1 through 27, above.

33. Paragraph 33 constitutes a legal conclusion or argument as to which no response is required.

## AFFIRMATIVE DEFENSES

34. Marathon is an innocent owner within the meaning of 18 U.S.C. § 983(d)(1) and (2)(A) of that portion of the defendants constituting or equaling approximately 10.315 Bitcoin plus associated costs and fees as described in Marathon's Claim, any portion of the defendant currency or virtual currency traceable to the Bitcoin of which Marathon was defrauded, and/or a portion of the defendants equal to the current value of approximately 10.315 Bitcoin.

35. The payment of approximately 10.315 Bitcoin by Marathon to the operators of the fraudulent scheme, together with the costs and fees associated with such payment in about September 2022, was induced through fraud and coercion and represents actual damages suffered by Marathon by operation of the fraudulent scheme described in the complaint. Marathon paid the referenced sums under duress and did not consent to the use of its property in the fraudulent scheme. Marathon is therefore entitled to recover its losses in their entirety from the proceeds of the fraudulent scheme as represented by the defendant currency and virtual currency.

/ / /

/ / /

/ / /

1  WHEREFORE, Marathon respectfully asks that this Court order the specific relief as requested above and such other and further relief as the Court deems just and proper, including an award of attorneys' fees and costs pursuant to 28 U.S.C. § 2465(b) should Marathon substantially prevail on its claim.

Dated: March 11, 2026                    Respectfully submitted,

                                                    */s/ David W. Williams*

David W. Williams
ANGELI & CALFO LLC
701 Pike Street, Ste. 1625
Seattle, WA 98101
Telephone: (206) 317-2059
E-mail: davidw@angelicalfo.com

Attorney for Claimant
*Marathon Fasteners and Hardware Inc.*